

# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| Judge or Division: | Case Number: 16AC-CC00040 |
|---|---|
| JON EDWARD BEETEM | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| LADONNA NEWTON | CHARLES JASON BROWN |
| | 301 S US HIGHWAY 169 |
| vs. | GOWER, MO 64454-9116 |
| Defendant/Respondent: | Court Address: |
| A-1 PREMIUM ACCEPTANCE INC | 301 E HIGH |
| Nature of Suit: | JEFFERSON CITY, MO 65101 |
| CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: A-1 PREMIUM ACCEPTANCE INC
Alias:
C/O PAUL H. SILVERMAN
8304 WORNALL ROAD
KANSAS CITY, MO 64114

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

2/4/2016
Date

**COLE COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ _____
Date | Notary Public

**Sheriff's Fees**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ (_____ miles @ $.____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) For Court Use Only: Document Id # 16-SMCC-62    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:16-cv-04077-MDH   Document 1-1   Filed 03/04/16   Page 1 of 15

EXHIBIT A

IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI

| | |
|---|---|
| LADONNA NEWTON,<br>Individually And On Behalf Of<br>All Others,<br><br>   Plaintiffs,<br><br>vs.<br><br>A-1 PREMIUM ACCEPTANCE, INC.<br>d/b/a KING OF KASH<br>Registered Agent:<br>Paul H. Silverman<br>8304 Wornall Road<br>Kansas City, MO 64114<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff, LaDonna Newton, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, A-1 Premium Acceptance, Inc., d/b/a King of Kash., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4. Defendant obtained information concerning the Plaintiff from a third party to conduct a background check.

5. The information obtained by the Defendant from the third party concerning the Plaintiff was a consumer report (as a "consumer report" is defined pursuant to the FCRA).

6. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective and existing employees.

7. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

8. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

9. Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

10. On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

11. In Count One, Plaintiff asserts a FCRA claim individually and on behalf of all other individuals who suffered an adverse employment action after February 3, 2014, that was based in whole or part on information contained in a consumer report.

12. In Count Two Plaintiff asserts a FCRA on behalf of an "Improper Disclosure Class" consisting of all employees or prospective employees of the Defendant in the United States who were subject of a consumer report that was used by the Defendant on or after February 3, 2014, and who executed Defendant's disclosure form.

13. Based on Defendant's violations of the FCRA, as described above, Plaintiff asserts FCRA claims individually and on behalf of all other individuals whose

rights under the FCRA were violated as may be revealed during this proceeding.

## PARTIES

14. Plaintiff Newton is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

15. Defendant is a domestic company formed under the laws of Missouri doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

16. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

17. Venue is proper in this Court pursuant to the FCRA.

## FACTUAL ALLEGATIONS

18. Plaintiff applied online for employment with Defendant in or about November 2015.

19. Approximately a week after Plaintiff applied for employment with Defendant the Defendant called the Plaintiff in for an interview.

20. The Plaintiff was provided with paperwork to complete at the interview.

21. Plaintiff completed and signed a form titled Employee Authorization to Release Records. (Exhibit 1).

22. The document titled Employee Authorization to Release Records was the form used by the Defendant to obtain a consumer report on the Plaintiff.

23. Defendant obtained a consumer report concerning the Plaintiff from Sentry Link.

24. On information and belief, the form used by the Defendant to obtain a consumer report on the Plaintiff is the same or similar to the form used to obtain consumer

reports on other potential class members.

25. The form does not consist solely of the mandated FCRA disclosure and does not contain an authorization to procure a consumer report.

26. The form includes statements addressing the source of information supplied concerning the Plaintiff and the truthfulness of that information.

27. The inclusion of statements concerning the sources of information supplied and/or the truthfulness of that information violate the FCRA.

28. The form contains language that false or misleading information given in the application and/or interview(s) will be considered as cause for possible dismissal and/or discharge.

29. Language that false or misleading information given in the application and/or interview(s) will be considered as cause for possible dismissal and/or discharge does not consist solely of the disclosure that a consumer report may be procured for employment purposes (and at most authorization to procure a consumer report) in violation of the FCRA.

30. The form contains language regarding the Plaintiff's understanding that she will abide by all rules and regulations of the company.

31. The inclusion of language regarding the Plaintiff's understanding that she will abide by all rules and regulations of the company violates the FCRA's "solely" mandate.

32. The form used to procure a consumer report on the Plaintiff does not use the words "consumer reports."

33. The FCRA requires the Defendant to make a written disclosure that it may

procure a "consumer report" for employment purposes prior to actually obtaining a consumer report.

34. Defendant failed to properly disclose to the Plaintiff and others that it may procure a consumer report on them.

35. On or about two days after the interview with Defendant, Plaintiff received a phone call from Defendant telling her that due to her consumer report she would not be hired for employment with the Defendant.

36. Plaintiff was not provided with a copy of the consumer report prior to the adverse action.

37. Plaintiff has not received a copy of the consumer report.

38. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

39. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon her consumer report.

40. Defendant is aware of the FCRA.

41. Defendant has knowledge that it must comply with the FCRA.

42. Defendant is required to obtain all consumer reports for employment purposes in accordance with the FCRA.

43. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

44. Defendant's form document contains more than a FCRA disclosure and authorization.

45. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a

reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

46. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

47. The manner in which the Defendant obtained a consumer report on the Plaintiff is consistent with its policies and procedures governing the procurement of consumer reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

48. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

49. Plaintiff asserts the following adverse action class defined as:

   **Proposed Adverse Action Class:** All employees or prospective employees of Defendant in the United States that suffered an adverse employment action on or after January 28, 2014, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

50. Plaintiff asserts the following disclosure class defined as:

   **Proposed Improper Disclosure Class:** All employees or prospective employees of the Defendant in the United States who were subject of a consumer report that was sought by the Defendant on or after February 3, 2014, and who executed the Defendant's form to procure a consumer report.

### Numerosity

51. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing

employees. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiffs believe that during the relevant time period, thousands of Defendant's employees and prospective employees would fall within the definition of the class.

## Common Questions of Law and Fact

52. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

   a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether the Defendant fails to make a proper disclosure to employees and/or prospective employees that a consumer report may be obtained for employment purposes;

   c. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

   d. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

   e. Whether Defendant's violations of the FCRA were willful;

   f. The proper measure of statutory damages and punitive damages.

## Typicality

53. Plaintiff's claims are typical of the members of the proposed class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of

those suffered by other class members. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees, but fails to provide the consumer report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

54. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

55. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

56. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such

action, impeding their ability to protect their interests.

57. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

58. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

59. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

Electronically Filed - Cole Circuit - February 03, 2016 - 02:05 PM

## COUNT I
### Adverse Action Violations

60. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

61. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff from Sentry Link.

62. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

63. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

64. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

65. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice through outside employment counsel;

    b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report, and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

c.  The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

d.  15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

66. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

67. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

68. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
### Failure to Make Proper Disclosure and Authorization

69. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

70. The Defendant violated the FCRA by using a disclosure form that contained extraneous information

71. Defendant knowingly or with reckless disregard placed extraneous information within their form to procure Consumer Reports.

72. The Defendant's willful conduct is reflected by, among other things the following facts:

a.  Defendant had access to legal advice through its own outside employment counsel;

b.  The Defendant has ignored regulatory guidance from FTC Informal Staff

       Opinions and repeatedly violated the FCRA by using a form containing extraneous and incorrect information;

    c.     Defendant's form is not a document consisting solely of the disclosure.

    d.     15 U.S.C. §1681 requires end users of consumer reports to acknowledge the end users legal obligations under the FCRA prior to the procurement of consumer reports.

73. The foregoing violations were willful. The Defendant knew that their form should contain no more than the disclosure and authorization.

74. Plaintiff and the Putative Class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

75. Plaintiff and the Putative Class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

76. Plaintiff and the Putative Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a.     An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

    b.     Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.     Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

    d.     Order finding that Defendant committed multiple, separate violations of

  the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Branch Office Location

# Employee Authorization to Release Records

I understand and agree that: The information supplied, was submitted by myself, and all information is true and correct, to the best of my knowledge. I understand that false or misleading information given in my application and/or interview(s) will be considered as cause for possible dismissal and/or discharge. I also understand that I am to abide by all rules and regulations of the company. The company has my authorization to thoroughly investigate my work and personal history. I understand that the information supplied by me, regarding my: Employment History, Education (including an authorization to release transcripts), Credit History, Criminal History, Medical and Professional Licensing, Motor Vehicle Record(s), Residence History, and References, will be utilized as part of the processing procedures. A background check will be conducted to verify the veracity of the information submitted and will be utilized to develop information concerning my character, general reputation, personal characteristics, and mode of living. I hereby authorize SentryLink LLC, an agent of _____ to make a thorough check of my past employment, education, and activities.

## EMPLOYEE/APPLICANT

| Last Name | First Name | Middle | Social Security Number | Date of Birth mm/dd |
|---|---|---|---|---|

| Other Name(s) Maiden/Married | Driver's License Number | State |
|---|---|---|

| Email Address |
|---|

| RESIDENCES (Starting with current) Street Address | City/State       Zip | How Long?____ |
|---|---|---|
| Street Address | City/State       Zip | How Long?____ |

| CURRENT EMPLOYER | CITY/STATE/ZIP | PHONE # | POSITION | MAY WE CONTACT CURRENT EMPLOYER? |
|---|---|---|---|---|
|  |  |  |  | ☐ YES<br>☐ NO |

| PREVIOUS EMPLOYMENT | CITY/STATE/ZIP | PHONE # | POSITION | DATE OF EMP. |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

| SCHOOL(S) ATTENDED | NAME OF SCHOOL | CITY/STATE | DATES ATTENDED | YEAR GRADUATED |
|---|---|---|---|---|
| High School |  |  | Not applicable | Not applicable |
| College |  |  |  |  |
| Other |  |  |  |  |

The following information is used for identification and statistical purposes. It is not used in any manner considered discriminatory under EEOC guidelines.

Date of Birth ___/___/_____   Race _____   Sex _____   Telephone (____)_____

Signature                                                               Date Signed